## CHESAPEAKE & OHIO RY. CO. v. SLAVENS et.

Ohio Appeals, 4th Dist., Pike Co.

First Publication of this Opinion.

Syllabus by Editorial Staff.

**753. MEASURE OF DAMAGES—225. Charge of Court.**
In fixing damages for destruction of growing crops, jury must consider all items, both favorable and unfavorable to both plaintiff and defendant.

Error to Common Pleas.
Judgment reversed.

Bannon & Bannon, Portsmouth, and Levi B. Moore, Waverly, for Railway Co.

George D. Nye and Earl D. Parker, Waverly, for Slavens, et.

## STATEMENT OF FACTS.

The second cause of action was for the destruction of four acres of growing potatoes and on this cause of action the verdict was for $1100.

So far as the first cause of action is concerned, there was no error in the record.

## OPINION OF COURT.

The following is taken, verbatim, from the opinion.

MAUCK, J.

The second cause of action was not fairly submitted to the jury. In the first special instruction given the jury before argument, the jury was told that the measure of damages for the destruction of the potatoes was the value of the crop in its condition at the time and place of destruction. That is the true measure of damages for the destruction of a growing crop, and inasmuch as the railway company by this instruction, acquiesced in the view that it was a growing crop and

asked for the particular instruction, it can not now complain that the trial court took the view that it was a growing crop. But on the assumption that it was a growing crop the trial court, in its general charge, commented upon the nature of the testimony competent to establish the measure of damages.

This extract from the charge is taken from Volume 17, Corpus Juris, page 888. That work was dealing with the character of the evidence that might be offered in case growing crops were injured or destroyed and was merely pointing out the different kinds of testimony that might be admitted. The language quoted was not helpful to the jury, but if it was going to be given at all it ought to have been given as completely as the text from which it was taken. And the text indicates what we must recognize, as true, that the jury ought not consider alone those elements of the case favorable to the plaintiffs but as well those favorable to the defendant. Among those elements favorable to the defendant was the expense to which the plaintiffs would have been put in bringing a growing crop to maturity and in harvesting and marketing the same. The jury was warranted in believing, from the language quoted, that only those things mentioned in the general charge were to be taken into consideration, and the jury was no where told that if it considered the market value of growing crops it should also take into consideration the expenditures of time and money necessary for the owner to realize on such crop. The failure of the trial court to comment upon those features of the case that were favorable to the defendants, as well as those favorable to the plaintiffs, requires a reversal of the judgment so far as the second cause of action is concerned.

The verdict on the first cause of action is sustained and that on the second cause of action is set aside. The judgment is affirmed to the extend of $900 on the first cause of action and is reversed as to the remainder, and the case is remanded to the Common Pleas Court for a new trial upon the second cause of action.

(Middleton, J., concurs. Sayre, PJ., concurred in the judgment but did not have an opportunity to read the opinion.)